Dear Senator Cravins:
Please be advised that the office of the Attorney General is in receipt of your opinion request. You have stated that a concerned citizen has requested the examination of certain financial records from the Lafayette Parish School Board, particularly those pertaining to attorney fees spent on the desegregation case since 1965. Because of such, you are requesting an opinion on whether this information is in fact public record, and if so, you are requesting a time-line for the disclosure of the requested information by the school board.
Louisiana R.S. 44:1 provides a general definition of what is considered public record. The pertinent part is as follows:
 A. (2) (a) All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
In light of this definition, financial records, particularly those relating to attorney fees, of any school board within this state would be considered public records, and subsequently, subject to public examination. However, La.R.S. 44:5(C) provides for an exception to the Public Records Law which states that if certain items of information are contained within these financial records, that information would be exempt from disclosure. Particularly La. R.S 44:5(C) states as follows:
 * * * The provisions of this Chapter shall not apply to any writings, records, or other accounts that reflect the mental impressions, conclusions, opinions, or theories of an attorney or an expert, obtained or prepared in anticipation of litigation or in preparation for trial.
 * * *
Therefore, records concerning the payment of attorney fees for the legal representation of the school board would be considered records prepared pursuant to the school board's duty under the laws of this state. As such, the school board has an obligation to present this information to any person of the age of majority who so requests as stated in Louisiana R.S. 44:32, provided that the information does not fall within the above stated exception. If a question is raised by the custodian of the record as to whether it is a public record, the custodian is required to notify the person in writing within three days, excluding weekends and holidays, of his determination. La.R.S. 44:32(D).
To further answer your inquiry, La.R.S. 44:35 sets forth the guidelines for the enforcement of such an inspection. It states:
 A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
As this statute states, the right to inspect a public record must be made within five days from the date of request. If the custodian has not made the information available to the requesting party, or has not made a final determination, action may be taken in the form of a writ of mandamus or the person may seek an injunction or declaratory relief. Furthermore, Louisiana R.S. 44:37 provides for criminal penalties if a custodian violates any of the Public Records Laws. Specifically, La.R.S. 44:37 states:
 Any person having custody or control of a public record, who violates any of the provisions of this Chapter shall upon first conviction be fined not less than one hundred dollars, and not more than one thousand dollars, or shall be imprisoned for not less than one month, not more than six months. Upon any subsequent conviction he shall be fined not less that two hundred fifty dollars, and not more than two thousand dollars, or imprisoned for not less than two months, nor more than six months, or both.
The decision to institute prosecution upon violation of the Public Record Laws rests strictly with the district attorney of the parish in which the violation occurred.
It is therefore the opinion of this office, that any citizen may request the inspection of the financial records of a school board, as this information falls under the Public Records Doctrine. If any of the information falls within the exceptions enumerated in La.R.S. 44:5(C), those particular parts of the financial records may be omitted from inspection. After such request has been made, if the information has not been made available either by a final determination by the custodian or by the passage of five days, the person making the request may seek a writ of mandamus or injunctive or declaratory relief to compel inspection. Further, the district attorney may institute proceedings against the custodian as provided for in La.R.S. 44:37.
I hope this opinion has sufficiently answered your inquiry. If we can be of any further help, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________ VIRGINIA L. COREIL Assistant Attorney General
RPI/VLC/crt
DATE RELEASED: June 27, 2002